IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANCOR HOLDINGS, LP, by and through its general partner, ANCOR PARTNERS, INC. | §<br>§<br>§ | |
| Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 4:20-cv-01326-BJ |
| LANDON CAPITAL PARTNERS, LLC, ICON EV, LLC, and NEXGEN LITHIUM BATTERIES, LLC | §<br>§<br>§<br>§<br>§ | |
| Defendants. | § | |

## FINAL JUDGMENT

On December 12, 2022, the above-referenced matter was called to trial with United States Magistrate Judge Jeffrey L. Cureton presiding by consent of all parties. Plaintiff Ancor Holdings, L.P., by and through its general partner, Ancor Partners, Inc. ("Ancor"), appeared in person and through its attorneys and announced ready for trial. Defendant Landon Capital Partners, LLC ("Landon") appeared in person and through its attorneys and announced ready for trial. Defendants ICON EV, LLC and NexGen Lithium Batteries, LLC (collectively, "ICON") appeared in person and through their attorneys and announced ready for trial. The Court determined that it had jurisdiction over the subject matter and the parties in this case. The Court then impaneled and swore in the jury, which heard the evidence. At the conclusion of all evidence, the Court granted judgment as a matter of law in ICON's favor, dismissing all of Ancor's claims against ICON, and the Court granted judgment as a matter of law in Landon's favor, dismissing Ancor's claims against Landon for tortious interference with a business relation, breach of the duty of good faith and fair dealing, fraud by nondisclosure, and conspiracy. The Court ruled that Ancor's claim for breach of contract would go to the jury, and with respect to this claim, submitted questions,

definitions, and instructions to the jury. In response, the jury made findings that the Court received, filed, and entered of record as Doc. 191.

With respect to Ancor's claim for a declaratory judgement, the Court, on December 9, 2022, over Ancor's objection, ruled that this claim would be decided by the Court post trial. On January 13, 2023, Ancor filed its Motion for Declaratory Judgment. Doc. 196. On April 25, 2023, this Court denied Ancor's Motion for Declaratory Judgment against Landon. *See* Doc. 208.

Ancor has now moved for entry of final judgment, and the Court renders final judgment pursuant to Federal Rule of Civil Procedure 58(a) as follows:

1.    The Court orders that plaintiff, Ancor Holdings, L.P., by and through its general partner, Ancor Partners, Inc., recover the sum of **$2,112,542** from defendant, Landon Capital Partners, LLC, on Ancor's claim for breach of contract, in accordance with the jury's verdict and answers.

2.    The Court orders that plaintiff, Ancor Holdings, L.P., by and through its general partner, Ancor Partners, Inc., take nothing by its suit against defendant, Landon Capital Partners, LLC, for Ancor's claims of tortious interference with a business relation, breach of the duty of good faith and fair dealing, fraud by nondisclosure, and conspiracy, and that Landon Capital Partners, LLC is granted judgment as a matter of law on such claims.

4.    The Court orders that plaintiff, Ancor Holdings, L.P., by and through its general partner, Ancor Partners, Inc., take nothing by its suit against defendants, ICON EV, LLC, and NexGen Lithium Batteries, LLC, for Ancor's claims of tortious interference with a contract, breach of the duty of good faith and fair dealing, fraud by nondisclosure, and conspiracy, and that ICON EV, LLC and NexGen Lithium Batteries, LLC are granted judgment as a matter of law on such claims.

5.      The Court orders that plaintiff, Ancor Holdings, L.P., by and through its general partner, Ancor Partners, Inc., take nothing by its suit against defendants, Landon Capital Partners, LLC, ICON EV, LLC, and NexGen Lithium Batteries, LLC, on Ancor's claim for a declaratory judgment, and that Landon Capital Partners, LLC, ICON EV, LLC, and NexGen Lithium Batteries, LLC are granted judgment as a matter of law on such claim.

6.      Post-judgment interest is payable on all of the above amounts allowable by law at the rate of 4.91%, from the date this judgment is entered until the date this judgment is paid in full.

7.      The Court orders execution to issue for this final judgment subject to Federal Rule of Civil Procedure 62.

8.      The Court denies all relief not granted in this final judgment.

9.      This is a FINAL JUDGMENT.

SIGNED May 24, 2023.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE