IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ANCOR HOLDINGS, LP, by and through its general partner, ANCOR PARTNERS, INC. § § § § Plaintiff, § § v. § § LANDON CAPITAL PARTNERS, LLC, § ICON EV, LLC, and NEXGEN LITHIUM § BATTERIES, LLC § § Defendants. § | Case No. 4:20-cv-01326-BJ |

## ORDER PARTIALLY GRANTING AND PARTIALLY DENYING ICON DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS

Pending before the Court is the Motion for Attorneys' Fees and Costs [doc. 219] filed by Defendants ICON EV, LLC and NexGen Lithium Batteries, LLC (hereinafter referred to as the "ICON Defendants") on June 7, 2023. As noted on the transcript of the jury trial held in this case, the Court granted the ICON Defendants' judgment as a matter of law as to all of Plaintiff's claims against the ICON Defendants. In their motion, the ICON Defendants move the Court, pursuant to Federal Rules of Civil Procedure 54 and 37(c)(2), for an award of $226,118 in attorney's fees and $27,965.96 in costs.[1] (ICON Defendants' Motion for Attorneys' Fees and Costs ("ICON Defendants' Mot.") at 1, 5, 7.) The ICON Defendants state:

> Plaintiff filed this lawsuit against the ICON defendants in December 2020, raising seven counts in an Amended Complaint for: declaratory judgment, breach of good faith and fair dealing, tortious interference, fraud by non-disclosure, conspiracy, exemplary damages, and seeking attorneys' fees. ICON Defendants filed their Answer with Affirmative Defense, seeking an award of attorneys' fees and costs.

---

[1] In the ICON Defendants' motion, they also claim that they are entitled to recover "$134,297.96 in attorney's fees and costs." (ICON Defs.' Mot. at 1.) The Court is unsure how this number was calculated as it does not match any other request in the motion.

On November 4, 2021, ICON Defendants served Plaintiff with the RFA . . . . On December 6, 2021 Plaintiff responded to the RFA by denying all but one request. In response to the RFA, Plaintiff failed to admit information of substantial importance to the ICON Defendants' defense. The ICON Defendants proved these wrongful denials at trial and prevailed on renewed directed verdict, resulting in entry of Final Judgment in favor of the ICON Defendants and against the Plaintiff. Consequently, the ICON Defendants needlessly incurred attorneys' fees and costs for which Plaintiff should be ordered to pay pursuant to Rules 54 and 37(c)(2) . . .

(ICON Defs.' Mot. at 1-2 (internal citations omitted).)

Under Federal Rule of Civil Procedure ("Rule") 54(d), a requesting party is entitled to recover its costs, which does not include attorney's fees. Fed. R. Civ. P. 54(d)(1).[2] However, Rule 37(c)(2) allows for the recovery of attorneys' fees in certain circumstances for failure to admit a request for admissions. This rule states:

> If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:
>
> (A) the request was held objectionable under Rule 36(a);
>
> (B) the admission sought was of no substantial importance;
>
> (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
>
> (D) there was other good reason for the failure to admit.

Fed. R. Civ. P. 37(c)(2).

---

[2] Rule 54(d)(1) states:

> (1) **Costs Other Than Attorney's Fees.** Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to be the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1).

2

Having carefully considered the motion, response, and reply, the Court concludes that the ICON Defendants are entitled to recover their costs[3] but not their attorneys' fees for the reasons stated in Plaintiff's response.

Based on the foregoing, it is **ORDERED** that the ICON Defendants' Motion for Attorneys' Fees and Costs [doc. 219] is **PARTIALLY GRANTED** in that the ICON Defendants are awarded their costs in the amount of $27,965.96 as set forth in their Bill of Costs [doc. 218] and **PARTIALLY DENIED** in that the ICON Defendants are not entitled to recover attorneys' fees from Plaintiff.

SIGNED September 7, 2023.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court notes that Plaintiff agrees that ICON is currently the prevailing party within the meaning of Rule 54(d)(1) and is entitled, at this point, to recover its costs. (Plaintiff's Response to ICON Defendants' Motion for Attorneys' Fees and Costs at 14-15.)